IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America, | ) | CRIMINAL NO. 4:99-558-CMC |
|---|---|---|
| v. | ) | **OPINION AND ORDER** |
| Terry Lee Green, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to appoint counsel, seeking to challenge his sentence of 32 years based on two convictions for violations of 18 U.S.C. § 924(c). ECF No. 100. First, Defendant argues he would no longer be subject to a consecutive 25 year sentence on the second § 924(c) charge if sentenced today, because the First Step Act makes clear a consecutive 25 year sentence on a second or subsequent count of § 924(c) is triggered only if the defendant had a prior conviction for §924(c). *Id.* Second, Defendant argues he may have a claim under *United States v. Davis*, 588 U.S. __, 139 S.Ct. 2319, 2336 (2019), as his convictions under § 924(c) were based on conspiracy to commit Hobbs Act robbery. *Id.* at 2. Third, Defendant argues his sentence should not have been enhanced under the Armed Career Criminal Act ("ACCA"). *Id.* at 3. Finally, Defendant submits his case falls under "exceptional circumstances," apparently referring to another portion of the First Step Act that modified the conditions for a reduction in sentence or early release, 18 U.S.C. § 3582(c)(1)(A). *Id.*

**I.    Background**

On December 7, 1999, Defendant was charged in a Second Superseding Indictment with the following counts: 1) Hobbs Act Robbery on December 31, 1998; 2) knowingly using, carrying,

and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of the crime of violence charged in Count One on December 31,1998; 3) Hobbs Act Robbery on January 2, 1999; 4) knowingly using, carrying, and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of the crime of violence charged in Count Three, on January 2, 1999; 5) Hobbs Act Robbery on January 4, 1999; 6) knowingly using, carrying, and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of the crime of violence charged in Count Five, on January 4, 1999; 7) Hobbs Act Robbery on January 5, 1999; 8) knowingly using, carrying, and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of the crime of violence charged in Count Seven, on January 5, 1999; 9) Hobbs Act Robbery on January 6, 1999; 10) knowingly using, carrying, and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of the crime of violence charged in Count Nine, on January 6, 1999; 11) Hobbs Act Robbery on January 6, 1999; 12) knowingly using, carrying, and brandishing a firearm during and in relation to, and possessing a firearm in furtherance of the crime of violence charged in Count Eleven[1], on January 6, 1999; and 13) felon in possession of a firearm. ECF No. 17.

On January 4, 2000, Defendant pled guilty, pursuant to a Plea Agreement, to Counts 2 and 12 of the Indictment: both violations of § 924(c). ECF No. 23. Defendant was sentenced to a total term of 32 years, consisting of 7 years as to Count 2 and 25 years as to Count 12, consecutive. ECF No. 28. Defendant appealed, but his sentence was affirmed by the Fourth Circuit. ECF No.

---

[1] While the Second Superseding Indictment states "Count Ten," this was amended by the court and corrected to Count Eleven on January 11, 2000.

38. On December 19, 2002, an Amended Judgment was issued pursuant to Rule 35(b), reducing Defendant's sentence by 48 months for a total aggregate sentence of 28 years. ECF No. 47.

## II. Discussion

### a. Section 924(c)

Title 18 U.S.C. § 924(c) provides that a defendant shall be subject to a consecutive sentence if he or she, "during and in relation to any crime of violence or drug trafficking crime... for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm...." 18 U.S.C. § 924(c)(1)(A).

The statute defines a "crime of violence" as:

> an offense that is a felony and –
> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[2]

§ 924(c)(3).

The Fourth Circuit has held conspiracy to commit Hobbs Act Robbery cannot qualify as a crime of violence under the force clause of §924(c)(3)(A). *United States v. Simms*, 914 F.3d 229, 233-34 (4th Cir. 2019). The *Simms* court also concluded the residual clause of §924(c)(3)(B) is unconstitutionally vague and therefore void. *Id.* at 236.

On June 24, 2019, the Supreme Court also decided the residual clause of § 924(c)(3)(B) is void for vagueness. *United States v. Davis*, 588 U.S. __, 139 S.Ct. 2319, 2336 (2019). In doing

---

[2] § 924(c)(3)(A) is known as the "force clause" or "elements clause" (referred to herein as "the force clause") and § 924(c)(3)(B) is known as the "residual clause."

3

so, the Court rejected application of a case-specific approach for § 924(c) and applied the categorical approach.³ *Id.* at 2327-2332.

Defendant argues his § 924(c) convictions were not predicated upon qualifying underlying offenses as conspiracy to commit Hobbs Act Robbery is not a crime of violence as defined in § 924(c)(3)(A), the force clause, and §924(c)(3)(B) is invalid. ECF No. 100. However, Defendant was not charged with conspiracy to commit Hobbs Act Robbery, but substantive Hobbs Act Robbery. Counts 2 and 12 in the Second Superseding Indictment each specifically referenced the count of substantive Hobbs Act Robbery on which it was predicated. Hobbs Act Robbery has been held by the Fourth Circuit to be a crime of violence under the force clause of § 924(c). *United States v. Mathis*, 932 F.3d 242, 266 (4th Cir. 2019).

Accordingly, Defendant's § 924(c) convictions properly rest on qualifying predicate offenses of Hobbs Act Robbery. Defendant's motion for appointment of counsel on this issue is denied as futile.

### b. First Step Act

Under Section 403 of the First Step Act, a defendant must have a prior § 924(c) conviction in order to receive a consecutive 25 year sentence for a subsequent § 924(c) conviction – two § 924(c) convictions in one Indictment, such as Defendant's, would not lead to imposition of the higher consecutive penalty for second or subsequent convictions. However, this section does not apply retroactively. The motion for appointment of counsel under this statute is therefore denied.

---

³ *Davis* did not address the force clause issue, as the Fourth Circuit did in *Simms*, because the lower court determined conspiracy to commit Hobbs Act Robbery did not qualify under the force clause, and this holding was not appealed. *Id.* at 2325.

*c. ACCA*

Defendant argues his sentence should not have been enhanced under the ACCA because his two previous convictions do not qualify as predicate offenses. However, Defendant was not found to be an Armed Career Criminal. He did not plead guilty to the felon in possession count and was not sentenced on it. There is no reference in his PreSentence Report to an enhancement under the ACCA, and his sentence reflects only a seven-year sentence for one conviction of § 924(c) and 25 years for the second, as then required by statute. Defendant's criminal history category was III, and would have been VI if he had been categorized as an Armed Career Criminal. As Defendant's sentence was not enhanced under this Act, this argument fails and his motion for appointment of counsel on this ground is denied.

*d. Extraordinary and Compelling Circumstances*

Section 3582(c)(1)(A)(i) reads in relevant part, after being amended by the First Step Act,

> (1) in any case --- (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction....
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Pub. L No. 115-391, 132 Stat. 5194, § 603(b) (Dec. 21, 2018). This provision gives the court authority to reduce the term of imprisonment on motion of the defendant in two circumstances: 1) after a defendant has fully exhausted his administrative rights to appeal a failure by the BOP to bring such a motion on his behalf, or 2) after the lapse of 30 days from receipt of a request by the

5

warden.  In either case, the court may reduce the term of imprisonment if, after considering the § 3553(a) factors to the extent applicable, it finds that "extraordinary and compelling reasons" warrant a reduction.

Defendant bases this request on the statutory penalty change in 18 U.S.C. § 924(c), an issue on which courts have differed, *United States of America v. Maumau*, No. 2:08-cv-00758, 2020 WL 806121 (D. Utah Feb. 18, 2020).  However, Defendant has not established he has applied to the Warden of his institution for compassionate release based on extraordinary and compelling reasons, or exhausted his administrative appeals.  Therefore, Defendant's motion for appointment of counsel on this ground is denied without prejudice to allow him to exhaust administrative remedies.[4]

### III.  Conclusion

Defendant's motion to appoint counsel is denied as futile on his grounds under *Davis*, the ACCA, and § 403 of the First Step Act.  On the compassionate release issue, appointment of counsel is denied but Defendant may file with this court after exhausting administrative remedies within the BOP.  *See* 18 U.S.C. § 3582(c)(1)(A); 28 CFR part 542, subpart B.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
April 1, 2020

---

[4] The court notes counsel is not routinely granted for such a motion, and Defendant may file himself, without counsel, after exhausting his administrative remedies.